UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HERNANDEZ, | Case No. 1:19-cv-01698-BAK-HBK (PC) |
| Plaintiff, | ORDER STRIKING PLAINTIFF'S MOTION TO COMPEL DEPOSITION EXHIBITS AND TRIAL EVIDENDENCE AND WITNESS LISTS |
| v. | |
| OLIVIA BORBOLLA, | (Doc. No. 22) |
| Defendant. | ORDER TO FILE RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 23) |
| | 21-DAY DEADLINE |

On December 1, 2021, Plaintiff filed a pleading that was docketed as a motion to compel deposition exhibits and trial evidence and witness lists. (Doc. No. 22.)

Under Local Rule 101, the definitions reference such submissions:

> "Received" means accepted by the Clerk for physical inclusion in the Court's records but not suitable for filing as part of the official record in the action, e.g., copies of correspondence between the parties, *letters to the Court not suitable for filing*, and other miscellaneous documents. *Received documents are not normally part of a record on appeal.*

E.D. Cal. L.R. 101 (emphasis added). Upon review, the document constitutes *ex parte* letter to the Court not suitable for filing. Therefore, the document is received by the Clerk but is not suitable for filing as part of the official record in the action. (*See id.*)

Additionally, this Court's first informational order provides that any documents mailed to a judge's chambers may be stricken without notice and will not be considered by the Court for any purpose. (Doc. No. 3 at ⁋ II(A).) "A document requesting a court order must be styled as a motion. Letters to the Court or a judge may be stricken/returned." (*Id.* at ⁋ II(C)). Consequently, the Court will strike Plaintiff's letter. Thus, the Court will order that the Plaintiff's letter to the Court dated November 29, 2021 (Doc. 22) be stricken and direct the Clerk of Court to strike the letter from the official record.

On December 2, 2021, Defendant filed a motion for summary judgment. (Doc. No. 23.) Plaintiff has failed to file a timely response. Therefore, within twenty-one (21) days from the date of service of this Order, Plaintiff may file a response in opposition to Defendant's motion for summary judgment. In Plaintiff's response in opposition to summary judgment, he shall comply with Local Rule 260:

> Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers.

E.D. Cal. R. 260(b) (citing E.D. Cal. R. 133(j)).

Accordingly, it is **ORDERED**:

1. Withing twenty-one (21) days from the date of service of this Order, Plaintiff shall file a response in opposition to Defendant's motion for summary judgment.
2. If Plaintiff fails to timely comply with this Court Order or seek an appropriate extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and failure to prosecute this action.

3. The Plaintiff's letter to the Court dated November 29, 2021, (Doc. No. 22), is STRICKEN.  The Clerk of Court is DIRECTED to strike the letter from the official record.

Dated:  January 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3